Submitted on record and briefs April 8, affirmed September 18, 1985

## STATE ex rel ADULT AND FAMILY SERVICES,
*Respondent,*

*v.*

## BLACKER,
*Appellant.*

(D8301-60106; CA A31799)

706 P2d 181

Daniel Hoarfrost, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Ann F. Kelley, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

**PER CURIAM**

In this filiation proceeding defendant appeals from a judgment, after a jury trial, establishing his paternity and ordering him to pay child support. He assigns error to the denial of his motion for a directed verdict, made on the ground that there was insufficient evidence of the date of conception, and allowance of the state's objection to the offer of the mother's obstetrical records.

The mother testified that she had a sexual relationship with defendant from April through July, 1978, and that during that time she had sexual relations only with defendant. Defendant admitted that he had had sexual intercourse with the mother in June and July, 1978, and that he could be the father of the child, but that he did not know for certain. That was sufficient evidence to avoid a directed verdict.

Defendant argues that, under OEC 511,[1] the mother had waived the patient-physician privilege by offering herself as a witness who testified as to her physical condition, *i.e.,* the conception and birth of her child. Assuming, without deciding, that the obstetrical records should have been admitted, any error was harmless. We have examined the records, and they show the delivery of a full-term infant on March 19, 1979. The court's refusal to admit them in evidence did not affect a substantial right of defendant. OEC 103.

Affirmed.

---

[1] OEC 511 provides:

"A person upon whom sections 32 to 42 (Rules 503 to 514) of this Act confer a privilege against disclosure of the confidential matter or communication waives the privilege if the person or the person's predecessor while holder of the privilege voluntarily discloses or consents to the disclosure of any significant part of the matter or communication. This section does not apply if the disclosure is itself a privileged communication. Voluntary disclosure does not occur with the mere commencement of litigation or, in the case of a deposition taken for the purpose of perpetuating testimony, until the offering of the deposition as evidence. Voluntary disclosure does occur, as to psychotherapists in the case of a mental or emotional condition and physicians in the case of a physical condition upon the holder's offering of any person as a witness who testifies as to the condition."